UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DANNIE E. THRASHER,

        Plaintiff,                         Case No. 4:05-CV-81

v.                                               HON. GORDON J. QUIST

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it the Plaintiff's objections to the Magistrate Judge's Report and Recommendation issued on May 30, 2006. In his report and recommendation, the magistrate judge concluded that the Administrative Law Judge's (ALJ) determination that the Plaintiff was not disabled because the Plaintiff had the capacity to perform a significant range of sedentary work was supported by substantial evidence. In particular, the magistrate judge found that the ALJ's mischaracterization of the Plaintiff, who was 49, as a "younger individual between the ages of 18 and 44" was a harmless error because under the grid the Plaintiff would still not be considered disabled and the record supported the ALJ's finding that the Plaintiff was capable of doing sedentary work prior to 1998. The magistrate judge also found that there was no basis to review the Appeals Council's decision to deny the Plaintiff's request that the Council review the matter, because only final decisions of the Commissioner are subject to judicial review.

After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted by the Court.

The Plaintiff first objects to the magistrate judge's analysis of the testimony of the Social Security medical expert.  The Plaintiff asserts that the record shows that the medical expert "acknowledged that the Plaintiff would be restricted 'to sedentary or more restricted activity after he had the second recurrence of his [staph infection] in 1997.'"  However, as the magistrate judge pointed out, the medical expert, when asked if the Plaintiff would have been limited to sedentary work prior to 1998, answered "[p]robably not."  The medical expert noted that the staph infections seemed to be caused by "banging or bumping" or other trauma to the leg.  Therefore, the magistrate judge determined that the medical expert's testimony supported the ALJ's conclusion that, although the Plaintiff could not return to his job as a spring maker, he could perform sedentary work.  The Court's review of the record supports the magistrate judge's determination.

The Plaintiff next argues that the record does not support the magistrate judge's conclusion that "there is little evidence that Plaintiff's sleep apnea affected his ability to perform work related activities on or before December 31, 1998."  The Plaintiff states that following surgery in 1992, his neurosurgeon described the Plaintiff as having "rather severe and alarming sleep apnea."[1]  The Plaintiff also argues that the ALJ and the magistrate judge did not give enough weight to the Plaintiff's wife's testimony that the Plaintiff sometimes fell asleep at work.  However, as discussed in the report and recommendation, the Plaintiff's own testimony indicated that he did not have any trouble sleeping during the period he claims disability.  The magistrate judge also noted that there is no evidence that the Plaintiff sought treatment for sleep apnea after 1992, and the Plaintiff did not report having trouble sleeping to a treating physician until a 2002 emergency visit for his leg, at

---

[1] The physician's post-operative observation in 1992 predates the Plaintiffs alleged disability starting date of June 1, 1994.

which he informed the physician that he had a history of sleep apnea.[2] There was also evidence that treatments were available to alleviate the Plaintiff's sleep apnea but that the Plaintiff did not seek treatment. Therefore, the magistrate judge did not err in concluding that the ALJ could properly find that the Plaintiff's sleep apnea did not preclude all sedentary work.

Finally, the Plaintiff repeats his objection that he was not allowed an opportunity to have his case fully reviewed by the Appeals Council. The Plaintiff bases this objection on a letter he sent to the Appeals Council requesting a transcript of the hearing in front of the ALJ and stating that, while the Plaintiff believed the medical expert's testimony to be beneficial to his case, it could possibly be interpreted as inconsistent. The Plaintiff apparently received a copy of the transcript, but it was unclear if the Appeals Council reviewed the letter when making its decision not to review the case.

The magistrate judge concluded that even if the Appeals Council did not receive the letter, there is no basis for the court to review the Appeals Council's denial of Plaintiff's request for review. As noted by the magistrate judge, "[o]nly final decisions of the [Commissioner] are subject to judicial review under [42 U.S.C.] § 405(g)." *Willis v. Sec'y of Health & Human Servs.*, No. 93-6337, 1995 WL 31591, at *2 (6th Cir. Jan. 26, 1995). Because the decision of the Commissioner becomes final only after the Appeals Council denies review, the court on appeal reviews "the ALJ's decision and not the denial of review by the Appeals Council." *Id*. As a result, the magistrate judge did not err in refusing to review the Appeals Council's denial of the Plaintiff's request for review. Therefore,

---

[2]As the magistrate judge pointed out, the Plaintiff's insured status for purposes of receiving disability insurance expired on December 31, 1998, so any evidence of treatment after that date is only minimally probative of the Plaintiff's condition as it existed on or before December 31, 1998. *See Jones v. Comm'r of Soc. Sec.*, No. 96-2173, 1997 WL 413641, at *1 (6th Cir. July 17, 1997).

3

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued May 30, 2006 (docket no. 9), is **APPROVED AND ADOPTED** as the Opinion of this Court, and the decision of the Commissioner denying benefits to the Plaintiff is **AFFIRMED**.

This case is **concluded**.


Dated:  December 18, 2006                               /s/ Gordon J. Quist
                                                        GORDON J. QUIST
                                                  UNITED STATES DISTRICT JUDGE